UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Octavia Killion | Case No. 23-cv-117 (DSD/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Laura Anderson, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Octavia Killion's civil complaint, [Dkt. No. 1], and application to proceed *in forma pauperis* (IFP), [Dkt. No. 3], pursuant to 28 U.S.C. § 1915A(a). After that review and for the reasons outlined below, this Court recommends that Killion's complaint, [Dkt. No. 1], be dismissed and that her IFP application, [Dkt. No. 3], be denied. *See* 28 U.S.C. § 1915A(b)(1).

Killion's Complaint is difficult to understand and nearly impossible to follow. From what the Court can understand, Killion, a prisoner, asserts that Defendants retaliated against her by disclosing confidential family medical information after she filed grievances against them for sexual, physical, and racial abuse. [Dkt. No. 1]. According to Killion, she has been slandered and libeled. Killion further claims that the Defendants violated the Health Insurance Portability and Accountability Act (HIPAA) and her federal right to privacy. Killion requests $1.5 million in damages.

**I.    IFP Application**

As a threshold matter, the Court first addresses Killion's IFP application. [Dkt. No. 3]. Because Killion is a prisoner, even if she qualifies to proceed IFP, she is not excused from paying the filing fee. *See* 28 U.S.C. § 1915. Instead, 28 U.S.C. § 1915(b)

1

requires the Court to calculate her initial partial filing fee based on the formula outlined in 28 U.S.C. § 1915(b)(1)(A)-(B) and then allows Killion to pay the remaining balance in monthly installments through regular deductions from her prison trust account. 28 U.S.C. § 1915(b)(2).

Here, Killion did not submit sufficient financial information with her IFP application so that this Court could calculate her initial partial filing fee. For this reason, the Court ordered her to submit a certified copy of her prison trust account statement showing the average deposits to and balance of that account during the six months preceding the filing of this action. [Dkt. No. 10]. Although Killion eventually submitted the requested documentation, *see* [Dkt. No. 12], it appears that she contests its accuracy because she has requested additional time to submit additional financial documentation purportedly showing her inability to pay even the initial partial filing fee. [Dkt. Nos. 14 & 17]. Pursuant to the Court's last order, Killion's deadline for submitting additional financial documentation is now July 24, 2023. [Dkt. No. 28].

Although Killion has yet to submit additional financial information, she has remained busy communicating with the Court, filing no fewer than 12 letters to the Court, [Dkt. Nos. 2, 5, 8, 11,13, 18, 20, 21, 23, 24, 25, & 26], and three exhibits to the Complaint, [Dkt. Nos. 7, 9, & 22], spanning hundreds of handwritten pages of additional hard-to-follow grievances against various persons and entities. Thus, the Court recognizes both Killion's interest in prosecuting this matter and her claims that she is unable to pay even the initial partial filing fee, notwithstanding the information contained in her Certificate of Authorized Prison Official. Killion, therefore, will be allowed to proceed with this action without first paying an initial partial filing fee. 28 U.S.C. § 1915(b)(4). To be clear,

however, Killion is not excused from paying the full filing fee of $350.00.[1] Consistent 28 U.S.C. § 1915(b)(2), Killion is required to pay the full filing fee in installments through regular deductions from her prisoner's trust account.

### A. Preservice Review Pursuant to 28 U.S.C. § 1915A

Although Killion may proceed without first paying an initial partial filing fee, Killion's Complaint remains subject to review pursuant to 28 U.S.C. § 1915A to determine if the Complaint—or any portion of it—must be dismissed for failure to state a claim upon which relief can be granted or because it "seeks monetary relief from a defendant who is immune from suit." *See* 28 U.S.C. § 1915A(b)(1)-(2). Upon that review here, the Court recommends that the Complaint be dismissed for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On December 1, 2020, the district courts began to assess an additional $52.00 administrative fee, raising the total fee to $402.00. The PLRA, however, applies only to the statutory filing fee. Thus, Killion will be required to pay the unpaid balance of the $350.00 statutory filing fee — not the $402.00 total fee — in installments pursuant to § 1915(b)(2).

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although pro se complaints, such as this one, are entitled to a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**1. Section 1983**

Killion identifies 42 U.S.C. § 1983 as the basis for the Court's jurisdiction in this matter. (Comp. [Dkt. No. 1]). Accordingly, the Court first considers whether Killion has established a claim under Section 1983. To state such a claim, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006). "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)).

Where, as here, the pleading does not explicitly state that the defendant is being sued in his individual capacity, the court is to assume that the defendant is being sued only in his official capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). Put differently, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Baker*, 501 F.3d at 925 (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

In this case, the named defendants are agents of the State of Minnesota. However, "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983" when sued for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, state officials may only be sued in their official capacities for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 157-60 (1908); *Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255 (8th Cir. 1995) ("*Ex parte Young* recognized that suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law."). Here, Killion requests monetary relief. [Dkt. No. 1]. Because this relief is not available, Killion's § 1983 claims fail as a matter of law.

Even if Killion specifically identified that she is suing the defendants in their individual capacities, Killion's claims would nevertheless fail as a matter of law. To establish liability against officials in their individual capacity, "the plaintiff must show that the official, acting under color of state law caused the deprivation of a federal right." *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Put another way, it is not enough for a plaintiff seeking relief from a defendant in the defendant's individual capacity to allege that her rights were violated; the plaintiff must instead allege that her rights were violated *by the defendant*.

Here, Killion fails to plead any particularized allegations against any specific defendant. Further, Killion fails to identify when any of this conduct allegedly took place. For example, while Killion claims "retaliation to grieving them for abuse," [Dkt. No. 1], she

5

does not say when any of this occurred or to whom she is referring. Further, Killion claims that she was "sexually exploited in medical exam by staff. 4 women 1 male." [Dkt. No. 1]. This Court takes allegations of sexual abuse very seriously. And while "detailed factual allegations" are not required to state a claim, "naked assertions devoid of further factual enhancement" such as this are simply not sufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, even if the Court construed the claims as against the defendants in their individual capacities, such claims would fail as a matter of law.

### 2. HIPAA

Killion claims that the defendants violated her rights under the Health Insurance Portability and Accountability Act (HIPAA). (Comp. [Dkt. No. 1]).

As this Court understands it, Killion is referring to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). 42 U.S.C. § 1320d-1 *et seq*. HIPAA, however, does not create an express or implied private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPAA does not create a private right of action"); *Adams v. Eureka Fire Protection Dist.,* 352 F. App'x 137, 138-39 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."). Thus, to the extent Killion is asserting violations of HIPAA as a cause of action, such claims cannot proceed as a matter of law. Killion's HIPAA claims should therefore be dismissed.

### 3. State Law Claims

Killion's allegations of slander, libel, and defamation are state tort law causes of action. *See Britton v. Koep*, 470 N.W.2d 518, 520 (Minn. 1991) (describing the "common law" tort of libel and slander). Section 1331 establishes federal court jurisdiction over the

federal-law claims, but that provision cannot supply original jurisdiction over the state-law claims. Killion has not alleged that the parties are of diverse citizenship; therefore, 28 U.S.C. § 1332 cannot supply original jurisdiction over the state-law claims. And Killion has identified no other federal law that would provide federal court jurisdiction over these claims. Further, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

To the extent that Killion invites this Court to comb through her additional filings to discern additional causes of action or factual support for existing causes of action, this Court declines to do so. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court . . . is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.") (internal citations and quotations omitted). The Court therefore recommends that this entire matter be dismissed without prejudice—the federal-law claims for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1) and the state-law claims for lack of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **IT IS HEREBY RECOMMENDED THAT**:

1. The civil complaint of Plaintiff Octavia Killion, [Dkt. No. 1], be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

2.      The application to proceed *in forma pauperis* (IFP) of Plaintiff Octavia Killion [Dkt. No. 3], be **DENIED**. The Court's earlier order granting an extension of time to file supporting IFP documentation [Dkt. No. 28] is withdrawn as moot.

3.      Killion should be required to pay the unpaid balance of this action's statutory filing fee – $350.00 – in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court should be required to provide notice of this requirement to the authorities at the institution where Killion is confined.

Dated: May 31, 2023                                   ___s/David T. Schultz_____
                                                                                  DAVID T. SCHULTZ
                                                                                   United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).